UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00306

**John Louis Atkins**,
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

This habeas corpus action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 4. On August 11, 2021, the magistrate judge issued a report recommending that the petition be dismissed without prejudice as an unauthorized second or successive habeas petition pursuant to 28 U.S.C. § 2244(b). Doc. 5. Petitioner filed a timely written objection. Doc. 8.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Petitioner's objection does not dispute that this is his second habeas action arising from the same prison disciplinary conviction, and it acknowledges that he has been raising the same arguments "since day one" and "throughout the entire procedural history" of his challenges to that conviction. Doc. 8 at 1, 3. Petitioner raises a single argument material to the basis for the magistrate judge's recommendation: that the current petition is "based on a defect that did not [a]rise until after the proceedings on the previous petition were completed." *Id.* at 3.

Specifically, petitioner alleges two new defects: (1) the court's error in denying relief on his first federal habeas petition, and (2) prison officials' failure to give him a written statement of the evidence in connection with his disciplinary

conviction. *Id.* But a claim of error in petitioner's previous federal habeas case would have been properly raised in a post-judgment motion or appeal in that case—not a second habeas proceeding. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 and n. 41 (5th Cir. 2009) (explaining that a post-judgment motion attacking a defect in a federal habeas proceeding should not be treated as a second or successive petition). And the failure to provide a written statement of evidence contemporaneously with petitioner's disciplinary conviction relates to the same conviction challenged in the previous case and was known to petitioner during the pendency of that case. It is, therefore, not a new, distinct defect that could form the basis for a new habeas claim.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed without prejudice to petitioner's ability to seek authorization from the United States Court of Appeals for the Fifth Circuit to proceed with a second or successive habeas petition under § 2244.

*So ordered by the court on September 17, 2021.*

J. CAMPBELL BARKER
United States District Judge